# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2010

Lyle W. Cayce
Clerk

No. 09-10518
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD C. PEARSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-369-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ronald C. Pearson appeals from his guilty plea conviction and sentence for receipt of child pornography through interstate and foreign commerce. Pearson argues that (1) his guilty plea was invalid due to his lack of understanding regarding the consequences of his plea, (2) his appeal waiver is not enforceable because he could not waive his right to challenge a sentence that had not yet been imposed, (3) the imposed sentence was substantively unreasonable, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(4) the supervised release conditions are unconstitutionally overbroad and greater than necessary.

Before this court, Pearson filed a motion to modify and supplement the record to rebut statements by the Government regarding his conduct while he was on mission trips in the Phillippines. The Government's negative statements about Pearson come from the Pre-Sentence Report, to which no objection was lodged in the district court. Information about Pearson's good works in the Phillippines was presented at length to the district court and taken into account in the sentencing process. The proposed material is untimely and cumulative, so the motion is denied.

Pearson has failed to show reversible plain error regarding his guilty plea. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Moreover, the record shows that Pearson's appeal waiver provision was valid and should be enforced. *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992). Pearson was properly admonished regarding his guilty plea and his appeal waiver. Pearson's cooperation with respect to another offender and others was also taken into account in granting a downward departure on his sentence. In any event, his remaining arguments are barred by the appeal waiver provision.

MOTION TO MODIFY AND SUPPLEMENT THE RECORD DENIED; AFFIRMED.